MR. JUSTICE BARNES delivered the opinion of the court.

### Abstract of the Decision.

1. JUDGMENT, § 280*—*when court does not abuse its discretion in refusing oral hearing on motion to vacate.* While on a motion to vacate a judgment on account of mental incapacity of one of the defendants, an oral hearing may be had in the discretion of the court under the Practice Act, Hurd's Rev. St., ch. 110, sec. 89 (J. & A. ¶ 8626) *held* that there was no abuse of discretion in denying the request and holding the hearing on affidavit.

2. JUDGMENT, § 295*—*when order vacating judgment not disturbed for failure to include formal finding of fact.* Where an order to vacate a judgment, on the ground that one of the defendants thereto is mentally incapacitated, does not include an express finding of fact, but the issue of such defendant's mental incapacity is the only one raised, and the order is justified by affidavits of persons most capable of judging of mental conditions, it will not be disturbed because of such informality.

### Albert Hertel, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 21,335.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed on remittitur. Opinion filed March 28, 1916.

### Statement of the Case.

Action by Albert Hertel, plaintiff, against Chicago City Railway Company, defendant, to recover damages for personal injuries. From a judgment for $4,000 in favor of plaintiff, defendant appeals.

Hertel, the plaintiff, was a passenger on one of defendant's cars that in a backward movement collided

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

with a wagon and horses attached to it. He was probably thrown from the car and sustained injuries therefrom.

The declaration charged that the motorman of the car "wrongfully, improperly and negligently caused the car to be suddenly and quickly started and in a backward direction, and to be operated swiftly in a backward direction" against a certain wagon in the rear of said car.

The car was an open, light summer car operated by electricity. To avert a collision with a wagon that was suddenly turned in front of it the motorman applied the reverse power thus causing the car to stop and run backward probably about one hundred feet to the point where the collision occurred. The motorman testified that the reason why he could not stop the car in its backward movement was because the reverse lever became stuck so that he could not move it back, and that he failed both to shut off the electric power and to apply the brake after the car started backward.

The passenger's principal injury seems to have been the dislocation of his arm which was immediately set. He was laid up in bed for seven weeks when his doctor told him he could go to work and he resumed labor of the same kind in which he had been previously engaged, that of sausage making, and in which he remained at undiminished wages for about a year, when he laid off for four months, claiming that he had pains in his arm and other parts of the body. He consulted no physician, but acting on his own judgment treated himself at home with steam baths. He then went back to the work of sausage making for three months. Why he left it does not appear, unless to take the easier work of tying pork loins together at which he was employed at the time of trial. He then got $12 per week. Prior to the accident he received $18. For a year after the accident his wages were from $20 to $25.

The accident occurred August 20, 1912. He ceased to have medical attendance and resumed work October 28th. The treatment he received from his physician aside from changing the bandage on his arm consisted of rubbing his back with medicine which his wife continued to do for four months. He had not sought nor received medical care since the accident and his physician died before the trial. Medical testimony as to his physical condition was not produced but he gave his own description of his condition. He was apparently an ignorant man with little knowledge of anatomy or the cause of bodily ills.

Franklin B. Hussey and Watson J. Ferry, for appellant; W. W. Gurley and J. R. Guilliams, of counsel.

Litzinger, McGurn & Reid, for appellee.

Mr. Justice Barnes delivered the opinion of the court.

## Abstract of the Decision.

1. Carriers, § 477*—*when evidence sufficient to sustain finding of negligence in operation of street car.* In an action by a street car passenger for damages for injuries sustained while riding on defendant's car, resulting from a collision with a horse and wagon while such car was running backward und'er reverse power, evidence *held* sufficient to warrant a finding of negligence, it appearing from the testimony of the motorman that he failed to shut off the electric power and to apply the brake after the car started backward.

2. Damages, § 115*—*when verdict for damages for personal injuries excessive.* Verdict for $4,000 damages on account of dislocation of plaintiff's arm, *held*, under evidence, to be excessive unless a remittitur of $1,000 was entered, it appearing that there was unsatisfactory evidence of the extent of plaintiff's injuries and as to how far his permanent health and ability to work were impaired.